IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| METACLUSTER LT, UAB,<br><br>   *Plaintiff*,<br><br>v.<br><br>BRIGHT DATA LTD.,<br><br>   *Defendant*. | § § § § § § § § § § §    Case No. 2:22-cv-011-JRG-RSP |

**REPORT AND RECOMMENDATION**

Before the Court defendant Bright Data Ltd. ("BD") moves to dismiss or alternatively for a more definite statement and separately moves for sanctions pursuant to Federal Rule of Civil Procedure 11. **Dkt. Nos. 32, 47**. For the following reasons, the motions should be **DENIED**.

**I.  Background**

Plaintiff Metacluster LT, UAB ("MC") brought suit against BD alleging infringement of U.S. Patent Numbers 10,601,948 (the "'948 Patent"), 9,503,498 (the "'498 Patent"), and 9,516,091 (the "'091 Patent"). BD filed a motion to dismiss for failure to state a claim or in the alternative for a more definite statement. Dkt. No. 23. MC subsequently served its infringement contentions and first amended complaint to moot BD's motion to dismiss. Dkt. Nos. 24, 26, 28. BD again moved to dismiss for failure to state a claim or in the alternative for a more definite statement. Dkt. No. 32. That motion is fully briefed and presently ripe for consideration. Dkt. Nos. 37, 40, 43. Subsequently, BD moved for sanctions pursuant to Federal Rule of Civil Procedure 11. Dkt. No. 47.

The filing of an amended complaint supersedes the original complaint and renders moot any motion to dismiss the original complaint. *Ultravision Techs., LLC v. Eaton Corp. PLC*, No.

2:19-cv-0290, 2019 WL 11250161, at *1 (E.D. Tex. Nov. 8, 2019). Accordingly, the Court will address the renewed motion.

## II. Motion to Dismiss

### A. Standard

A court may dismiss an action that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Upon a motion to dismiss, a court accepts "all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation omitted). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citation omitted). The court must then decide whether those facts "state a claim that is plausible on its face." *Bowlby*, 681 F.3d at 219. Communications before the Patent and Trademark Office that are matters of public record are subject to judicial notice and appropriate for this Court to consider at the pleading stage. *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1008 n.2 (Fed. Cir. 2018) ("On a motion for judgment on the pleadings, however, the court may consider 'matters of public record,' " such as "[p]rosecution histories"); *Uniloc USA, Inc. v. ADP, LLC*, 772 F. App'x 890, 898 n.3 (Fed. Cir. 2019) ("The prosecution history is part of the intrinsic record of the patent" and "thus subject to judicial notice and may be considered in our *de novo* review of the district court" ruling on a motion to dismiss); *Trustees of Columbia Univ. in City of N.Y. v. NortonLifeLock, Inc.*, No. 3:13CV808, 2019 WL 7040931, at *2 (E.D. Va. Dec. 20, 2019) (citing *Aylus Networks, Inc. v. Apple, Inc.*, 856 F.3d 1353, 1362 n.3 (Fed. Cir. 2017)) ("The prosecution history also includes proceedings before the Patent Trial and Appeal Board

(the 'PTAB'), such as *inter partes review*.").

### B. Analysis

BD moves to dismiss for failure to (A) identify a certain claim limitation of the '948 Patent in the accused product and (B) allege that a certain claim limitation of the '498 and '091 Patents is performed by the accused product.

Regarding the '948 Patent, BD argues that neither the first amended complaint nor the infringement contentions identify within the accused product the claim limitation "proxy provider" and that the representations before the Patent Trial and Appeal Board responsive to a petition for *inter partes* review of the '948 Patent preclude an infringement theory relying on BD's internal server to meet the claim limitation "proxy provider." Dkt. Nos. 32 pp 3-9, 40 pp 2-4. MC rebuts arguing the accused product of BD performs each claim limitation of the '948 Patent, that the first amended complaint and the infringement contentions provide sufficient notice of the infringement theory, and that whether such an infringement theory is precluded by representations before the Patent Trial and Appeal Board is a question of claim construction and therefore inappropriate for a motion to dismiss. Dkt. Nos. 37 pp 4-12, 43 pp 2-5.

Regarding the '498 and '091 Patents, BD similarly argues that neither the first amended complaint nor the infringement contentions allege that the accused product of BD performs the claim limitation of "executing… the removed embedded script" limitation of the '498 and '091 patents. Dkt. No. 32 pp 9-12. MC responds that BD's network appliance that performs certain functions performs the claim limitation of "executing… the removed embedded script". Dkt. No. 37 pp 12-14. BD replies that MC's allegations refer to the execution of "still" embedded script as opposed to the execution of embedded script. Dkt. No. 40 4-5. MC replies that whether the claim requires removal of embedded script before or after execution to prove literal infringement or

whether such a requirement may be satisfied under a doctrine of equivalents theory is either a question of, or hinges on, claim construction and thus inappropriate for a motion to dismiss. Dkt. No. 43 5-7.

The Court agrees with MC. The first amended complaint and the infringement contentions identify the accused product as performing each claim limitation of the '948 Patent. See, *e.g.*, Dkt. No. 26-4 p 9-46 (infringement contentions as to claim 1 of the '948 Patent). BD's arguments rely on claim construction. For example, BD argues that MC disclaimed a construction necessary to support its infringement theory to prevail in i*nter partes* review of the '948 Patent. Dkt. Nos 32 pp 7-9, 40 pp 2-4.  MC responds that BD's construction is not supported by either the specifications or the record of the i*nter partes* review proceeding of the '948 Patent. Dkt. Nos. 37 pp 10-12, 43 pp 2-5. Similarly, BD argues it is unable to determine whether MC's infringement contentions read out the limitation of "executing… the removed embedded script," Dkt. No. 40 p 4-5, and MC responds that BD's arguments impliedly construe the claims and go toward the merits of infringement. Dkt. No. 43 pp 5-7.

BD's case law citations are distinguishable because therein "irreconcilable internal inconsistencies" were apparent "on the face of [the] pleading[s]." *Qwikcash, LLC v. Blackhawk Network Holdings, In*c., No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *3-4 (E.D. Tex. Nov. 17, 2020); see also *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, No. 6:21-CV-00677-ADA, 2022 WL 2019296, at *6 (W.D. Tex. June 6, 2022) (finding plaintiff disclaimed credit card information as satisfying the claim limitation "membership verification token" during *inter partes* review and subsequently relied on credit card information to satisfy the "membership verification token" limitation in suit). The same cannot be said here. For example, BD argues that MC disclaimed "proxy provider" as a subset of proxies, which precludes BD's internal

servers from satisfying the claim limitation "proxy provider." This hinges upon an inferential step that by disclaiming a subset of proxies MC also disclaimed internal servers. Such an inference is not clear on the face of the pleadings or the *inter partes* record.

This conclusion does not foreclose BD's argument that MC's infringement theory rests on "irreconcilable internal inconsistencies" that may be raised after claim construction. It merely forecloses the argument that such inconsistencies are apparent from the record the undersigned may consider on a motion to dismiss.

For these reasons, the first amended complaint and the infringement contentions provide sufficient notice of MC's infringement claims.

### III.     Motion For Sanctions

Regarding BD's motion for Rule 11 sanctions, BD relies on the same claim construction arguments to allege that MC violated Rule 11. For example, with respect to the '948 Patent, BD argues that MC knew that the accused product does not rely on third party proxy providers, by virtue of representations during *inter partes* review. Dkt. No. 47 pp 3-4. Because BD's arguments require a particular claim construction that is not apparent from the pleadings record, sanctions are inappropriate at this time.

### IV.     Conclusion

For the reason's discussed above, BD's motion to dismiss, **Dkt. No. 23**, is **DENIED AS MOOT** and BD's motion for a hearing, **Dkt. No. 71**, is **DENIED**. Further, the undersigned **RECOMMENDS** that Bright Data's motion to dismiss or in the alternative for a more definite statement, **Dkt. No. 32**, and motion for Rule 11 sanctions, **Dkt. No. 47**, be **DENIED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from

appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 19th day of December, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE